IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DOROTHY LOUISE BERGERON**, | Case No. 3:13-cv-1723-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On August 5, 2014, pursuant to the stipulation of the parties, the Court remanded this case to the Commissioner of Social Security for further proceedings. Dkt. 19. Before the Court is Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 22.

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA

PAGE 1 – ORDER

attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $2,787.11, expenses in the amount of $4.83, and costs in the amount of $7.70. Defendant stipulates to this request. Dkt. 23. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA petition is proper and the amount requested is reasonable.

Therefore, Plaintiff's application for attorney's fees (Dkt. 22), is GRANTED. Plaintiff is awarded $2,791.94 for attorney's fees and expenses under 28 U.S.C. § 2412 and $7.70 for costs under 28 U.S.C. § 1920. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Accordingly, Defendant shall pay to Plaintiff and mail to Plaintiff's attorney the awarded EAJA fees, expenses, and costs, after deducting any applicable offset.

**IT IS SO ORDERED.**

DATED this 26th day of November, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge